Military pay; discharge; limitation of actions. — Plaintiff, formerly a Chief Petty Officer, seeks back pay and allowances from October 28,1949, the date of his undesirable discharge from the Naval Reserve in which he had reenlisted on June 4,1946 for a term of four years, alleging that the discharge was illegal in that it was effected without notice, court-miartial, or hearing, based upon his conviction of grand larceny. Following plaintiff’s request for correction of his record to vacate the undesirable discharge and to reinstate him as a Chief Petty Officer with all drill pay due him since October 28,1949, the Board for Correction of Naval Records in August 1965 recommended that the undesirable discharge be changed to an honorable discharge effective October 28, 1949, and on September 21, 1965 plaintiff’s records were corrected to so show. Defendant contends that plaintiff’s cause of action accrued on the date of discharge and that his petition is barred by the provisions of 28 U.S.C. § 2501. This case comes before the court on defendant’s motion for summary judgment, and upon consideration thereof, together with the response in opposition thereto, without oral argument, the court concludes that plaintiff’s alleged claim is barred by the statute of limitations 28 U.S.C. § 2501. (See Kelly v. United States, ante, at 1068; Mathis v. United States, 183 Ct. Cl. 145, 391 F. 2d 938 (1968), rehearing granted on an unrelated issue, 183 Ct. Cl. 150, 394 F. 2d 519 (1968) ; and O'Callahan v. United States, 196 Ct. Cl. 556, 451 *1073 F. 2d 1390 (1971).) On March 31, 1972 the court, by order, granted defendant’s motion and dismissed the petition.