**Robert T. MATHIS, Sr.**
v.
**The UNITED STATES.**
No. 231–67.

United States Court of Claims.
June 14, 1968.

---

Robert T. Mathis, Sr., pro se.

Charles M. Munnecke, Washington, D. C., with whom was Asst. Atty. Gen., Edwin L. Weisl, Jr., for defendant.

1. The petition for rehearing shows that, after his release from Florida State Prison in February 1967, plaintiff was incarcerated by the federal authorities until

## ON PETITION FOR REHEARING

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON, and NICHOLS, Judges.

### PER CURIAM:

In his petition for rehearing, plaintiff gives us the details of an attempt to send a petition to this court before limitations expired on September 26, 1966, details which he could have presented to us previously, but did not. He now says that he handed copies of a petition (addressed to this court) to the prison notary at Florida State Prison on September 6, 1966, and had them notarized on that date. He attaches a photostat of that petition, including the notarization. He implies, though he does not say explicitly, that he requested that the petition be sent to the court and served on the Government. He does say expressly that other papers he tried to send from that prison to various officials and courts were never mailed by the authorities to whom he gave them, and also (with reference to supporting documentation) that he was punished "so many times for being a 'jail house lawyer' and 'counselor' that he just couldn't take the risk of further prison punishment" by telling this court that the prison officials had delayed transmitting his papers.

In these circumstances—particularly the handwritten "complaint" to this court notarized on September 6, 1966—we now think that a trial should be had on the issue of whether plaintiff attempted to send, from jail, a petition to this court on or before September 26, 1966. Cf. Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964). Plaintiff is very tardy in supporting his claim that he made this attempt, but he is a non-lawyer acting *pro se* and we shall not treat his case as if he had been represented by counsel.[1]

September 1, 1967. We were therefore incorrect in saying, in footnote 4 of our original opinion, that he was not under the handicap of being jailed when he filed

Accordingly, we vacate our prior order granting defendant's motion to dismiss and dismissing the petition as barred by limitations. Instead, we deny the defendant's motion without prejudice, and remand the case to the trial commissioner for a trial or other proceeding on the issue of whether plaintiff attempted properly to transmit, from jail, a petition to this court on or before September 26, 1966. The commissioner will report the facts and circumstances bearing on that question, together with his recommendation whether or not this suit was timely begun.[2]

---

his formal petition in July 1967. See, also, the third sentence of footnote 5 of that opinion. (It remains true that he was not under that handicap when he prepared and filed his briefs on the Government's motion to dismiss.)

2. We do not, in any way, modify our holdings that the claim arose on September 26, 1960, and that the action was commenced *no later* than October 1966 (toward the end of that month).