Robert T. MATHIS, Sr., Plaintiff,

v.

The Honorable Melvin R. LAIRD, Secretary of the Department of Defense, Washington, D. C., Defendant.

Civ. No. 70-316.

United States District Court,
M. D. Florida,
Tampa Division.

April 1, 1971.

Robert T. Mathis, Sr., pro se.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Oscar Blasingame, Asst. U. S. Atty., Tampa, Fla., for defendant.

KRENTZMAN, District Judge.

## ORDER

### I

Plaintiff, proceeding pro se, seeks to redress his Undesirable Discharge from the Army in September, 1960.

Plaintiff makes these allegations, as briefly summarized; that he was inducted into the Army in 1946; that he had an unblemished record until January, 1960, when he began to have trouble with his creditors; that in July, 1960, he was convicted by a General Court Martial and sentenced to a reduction in rank and to pay a fine; that on September 12th or 13th, 1960, he was informed that he would have to appear before an Army Board which was to consider whether he would be discharged; that the Board had been convened by the Commanding Officer of Fort Bragg, North Carolina, who was hostile to plaintiff; that prior to the Board hearing, plaintiff obtained a friend to represent him; that this friend, who worked in the Post Judge Advocate's Office, had attended but not completed law school and was not a lawyer, represented plaintiff so poorly that the Board hearing on September 16, 1960, was a sham. Following the hearing, plaintiff was given an Undesirable Discharge on September 26, 1960. The reason for the discharge was "an established pattern showing dishonorable failure to pay just debts."

On December 16, 1960, the Army Discharge Review Board[1] conducted a hearing on plaintiff's discharge, the decision being unfavorable to plaintiff. In August, 1961 the Army Board for the Correction of Military Records[2] reviewed the case and handed down another decision unfavorable to plaintiff. Finally, the Army Discharge Review Board conducted another hearing in April, 1964, and again plaintiff was unsuccessful.

In his Prayer for Relief, plaintiff asks for (1) correction of his discharge from Undesirable to Honorable, and (2) judgment and damages against the United States for lost pay, mental and physical suffering, diminution of earning capacity, and loss of federal and state benefits, or $300,000.00 or such sum as the Court may deem appropriate.

The defendant filed a motion for summary judgment on March 9, 1971, and the plaintiff submitted his own motion for summary judgment on March 17, 1971. A hearing on the motions was held on March 24, 1971. The Court has examined the file in this case and reviewed applicable case and statutory law.

### II

This is not the first attempt by plaintiff to obtain a judicial redress of his claim; he has been before the United States Court of Claims three times. That court initially dealt with plaintiff's claim in Mathis v. United States, 391 F. 2d 938, 183 Ct.Cl. 145 (1968). After reviewing the facts, the Court of Claims dismissed the action, holding that (1) a claim for illegal discharge from military service is not a continuing claim, the cause of action accruing all at once upon claimant's removal, (2) the existence of optional administrative remedies does

---

1. The Army Discharge Review Board is an administrative agency created within the Department of the Army which reviews discharges of members of the Army. The statutory authority of the Board is found in 10 U.S.C. § 1553; the Board acts under the Regulations found in 32 C.F.R. § 681.2.

2. The Army Board for the Correction of Military Records is part of the Office of the Secretary of the Army. This Board, authorized by 10 U.S.C. § 1552, determines the existence of errors or injustices in military records and makes appropriate recommendations to the Secretary of the Army. It functions under the Regulations found in 32 C.F.R. § 581.3.

not toll the statute of limitations, (3) resort to the Army Discharge Review Board and the Army Board for the Correction of Military Records is permissive and not mandatory, and (4) plaintiff's claim was barred by the applicable statute of limitations,[3] since the claim arose on September 26, 1960, and the action was begun after September 26, 1966.

In Mathis v. United States, 394 F.2d 519, 183 Ct.Cl. 145 (1968), the Court dealt with a petition for rehearing of its prior opinion. In the rehearing petition, plaintiff asserted that he had completed his original complaint on September 6, 1966, and had it notarized that date, but that prison authorities had failed to mail the complaint promptly.[4] In its second opinion the Court of Claims vacated its prior dismissal and directed a commissioner to conduct a factual hearing on plaintiff's allegation that the action had been timely commenced.

The Court of Claims dismissed the action for the second time in Mathis v. United States, 421 F.2d 703, 190 Ct.Cl. 925 (1970), because the evidence demonstrated that plaintiff had not tried to mail his original complaint within six years of the date of his discharge. The Court stated:

> The evidence is convincing that not only did the plaintiff not attempt to file a petition prior to September 26, 1966, but also that the plaintiff has used an altered document as evidence in support of his contention. 421 F. 2d at 704.

The third and final Court of Claims opinion was handed down on February 20, 1970. Plaintiff instituted this action on July 24, 1970.

## III

Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

In support of his motion for summary judgment, plaintiff argues (1) the action is not barred by the statute of limitations, (2) the Court does have subject matter jurisdiction, and (3) the plaintiff should prevail on the merits. The grounds of defendant's summary judgment motion are (1) the action is barred by the statute of limitations, and (2) subject matter jurisdiction is lacking.

### A. Statute of Limitations

There are several federal statutes of limitations, but regardless of which one is applicable, this action is clearly barred. 28 U.S.C. § 2401 provides that every civil action commenced against the United States[5] shall be brought within six years after the right of action first accrues. This Court believes the Court of Claims was correct when it stated that instant claim accrued when plaintiff was discharged, i. e., in September, 1960.[6] See Mathis v. United States, 391 F.2d at 939; 394 F.2d at 521, n. 2; and 421 F.2d at 706. Since the complaint herein was not filed until July, 1970, the action would still be barred if the Court were to hold, which it

---

3. 28 U.S.C. § 2501.

4. Plaintiff was incarcerated at the Florida State Prison at Raiford, Florida, from February 1963 to February 1967 on the basis of a conviction for issuing worthless checks. See Mathis v. United States, *supra*, 421 F.2d at 704.

5. Although the Secretary of Defense is named as defendant, for purposes of the Statute of Limitations the United States is defendant.

6. There is nothing in McCurdy v. Zuckert, 359 F.2d 491 (5 Cir. 1966) contrary to this Court's position that the Statute of Limitations began to run when defendant received his discharge. *McCurdy* dealt with an attempt to enjoin the Air Force from giving a serviceman a dishonorable general discharge. See Mathis v. United States, 391 F.2d at 939 n. 1.

does not, that the Statute of Limitations began to run when plaintiff had exhausted his last administrative appeal in April, 1964.

This is not an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., because the acts of which plaintiff complains were intentional and not negligent. Nevertheless, if the Act were appropriately invoked the action would be barred because actions under the Federal Tort Claims Act must be commenced within two years of the time the claim first accrued, or within six months of a final denial of the claim by a governmental agency. 28 U.S.C. § 2401(b).

Another barrier to the action is 28 U.S.C. § 2501, which provides that every claim of which the Court of Claims has jurisdiction must be brought within six years after the claim first accrues. Since the Court of Claims does have jurisdiction of plaintiff's claims—see Carter v. Seamans, 411 F.2d 767 (5 Cir. 1969); 28 U.S.C. § 1491—the action is barred because it was not brought within the time limits fixed by 28 U.S.C. § 2501.

■ Additionally, the doctrine of *res judicata* applies to this case. Plaintiff has had his day in court. He brought this same claim before the Court of Claims which after consideration dismissed it on the ground that it was barred by the Statute of Limitations. Plaintiff cannot now file a new suit in a different court under a different statute and relitigate his claim, which has been settled. Acree v. Air Line Pilots Association, 390 F.2d 199 (5 Cir. 1968); Henderson v. Consolidated Merchandising Corporation, 286 F.Supp. 697 (N.D. Ga.1968).

*B.   Subject Matter Jurisdiction*

■ Plaintiff has cited to the Court several federal statutes involving the judiciary, but the Court is not satisfied that any of them confer subject matter jurisdiction of this action. 28 U.S.C. § 1331, the federal question statute, cannot apply as it does not waive the government's sovereign immunity. 28 U.S. C. § 1391 relates to venue, not jurisdiction. 28 U.S.C. § 1361 is the mandamus statute. The Fifth Circuit has not decided whether Section 1361 authorizes district courts to entertain actions for damages in excess of $10,000.00. Carter v. Seamans, *supra*, 411 F.2d at 773–774. This Court squarely holds that it does not.[7]

As stated earlier, the Federal Tort Claims Act does grant jurisdiction of this action. 28 U.S.C. § 1346(b). The Tucker Act, 28 U.S.C. § 1346(a) (2), is also inappropriate because plaintiff's claim exceeds $10,000.00.[8]

The statute conferring subject matter jurisdiction of plaintiff's claim is 28 U.S.C. § 1491, which applies only to the Court of Claims. See Carter v. Seamans, *supra*, 411 F.2d at 773–774. But as that court properly held, the Statute of Limitations in the Court of Claims has expired.

On the basis of the foregoing, it is Ordered and Adjudged:

1.   Plaintiff's motion for summary judgment is denied.

2.   Defendant's motion for summary judgment is granted.

### JUDGMENT

This action having come before the Court upon motions for summary judgment filed by both parties, and the issues having been duly tried, and the

---

7.   In his "Supplemental Pleading in Support of His Motion for Summary Judgment," filed March 26, 1971, plaintiff suggests that his claim is severable into two claims—one for correction of his discharge and one for money judgment. Assuming that the claim may be separated into two, it is clear that the money claim cannot be brought here since it is in excess of $10,000. It may be that there would be subject matter jurisdiction of a claim limited to correction of plaintiff's discharge, but such a claim is barred by the statute of limitations as hereinbefore stated.

8.   See note 7.

Court having heard arguments of the parties, and the Court having this date entered an order granting defendant's motion for summary judgment and denying plaintiff's motion for summary judgment, it is

Ordered and adjudged:

The plaintiff shall take nothing, the action is hereby dismissed, and each party shall bear its own costs.