Civilian pay/ resignation; limitation of actions. — Plaintiff resigned from his position as a federal postal clerk on March 15,1943. In October 1960 he was hired as a substitute postal clerk, and was retired from federal service on December 31, 1969. Alleging religious discrimination beginning in 1940 and continuing until his reemployment in 1960, plaintiff claims that his resignation was involuntary. Plaintiff seeks back pay as a postal clerk from the date of his resignation to his reemployment, the difference in his pay after re *1071 employment bad. be been credited with federal service for tbe intervening years and an annuity computed on 43 years service. Defendant contends that plaintiff’s claim is barred by tbe statute of limitations and by lacbes. Tbis case comes before tbe court on defendant’s motion for summary judgment. Upon consideration thereof, without oral argument, tbe court concludes that plaintiff’s alleged claim is barred by tbe statute of limitations, 28 U.S.C. § 2501 (see Kelly v. United States, ante, at 1068 ; Mathis v. United States, 183 Ct. Cl. 145, 391 F. 2d 938 (1968), rehearing granted on an unrelated issue, 183 Ct. Cl. 150, 394 F. 2d 519 (1968) ; and O'Callahan v. United States, 196 Ct. Cl. 556, 451 F. 2d 1390 (1971); and also that plaintiff bas failed to exhaust his administrative remedies (see Friedman v. United States, 159 Ct. Cl. 1, 8-13, 310 F. 2d 381, 385-88 (1962), cert. denied sub. nom., Lipp v. United States, 373 U.S. 932 (1963)). On March 31, 1972 the court, by order, granted defendant’s motion for summary judgment and dismissed tbe petition.