**Jerry Dwayne BAXTER, Appellant,**

v.

**Graham W. CLAYTOR, Jr., Secretary of the Navy.**

**No. 77–1984.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 25, 1980.

Decided April 24, 1981.

F. Whitten Peters, Washington, D. C. (appointed by the court), with whom Robert L. Weinberg, David F. Addlestone, and Barton F. Stichman, Washington, D. C., were on the brief, for appellant.

Al J. Daniel, Jr., Atty., Dept. of Justice, Washington, D. C., with whom Barbara Allen Babcock, Asst. Atty. Gen., Earl J. Silbert, U. S. Atty., Washington, D. C. (at the time the brief was filed), and Leonard Schaitman, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellee. John A. Terry, Michael J. Ryan, and Michael Lehr, Asst. U. S. Attys., Washington, D. C., also entered appearances for appellee.

Before ROBINSON, MacKINNON, and MIKVA, Circuit Judges.

MIKVA, Circuit Judge:

Jerry Dwayne Baxter received a bad conduct discharge from the Navy in 1957 as a result of two court-martial convictions, one in 1955 and one in 1956. In 1976, proceeding pro se, Baxter commenced efforts to have his court-martial convictions vacated and his discharge upgraded to honorable on the ground that he was denied the assistance of legally trained counsel during the

court-martial proceedings. He first sought relief from the Naval Board for Correction of Military Records (Board). The Board denied his request in a form letter claiming lack of jurisdiction. Baxter then sought relief in the United States District Court for the District of Columbia, but the court dismissed the suit on the ground that it was barred by the statute of limitations and by laches. Because we believe that the Board had jurisdiction to review Baxter's claims, we reverse and remand so that the court below may direct the Board to exercise its jurisdiction over Baxter's claim.

## I. BACKGROUND

In the first court martial, Baxter was convicted of being absent without authorization, stealing a car, and making a false statement. In the second court martial, he was convicted of being absent without leave, disobeying an order, and stealing thirteen dollars. Consonant with accepted practice in the Navy at that time, and as allowed by the Uniform Code of Military Justice (UCMJ), Pub.L.No.81–506, Art. 19, 64 Stat. 114 (1950) (current version at 10 U.S.C. § 819 (1976)), the prosecutors and Baxter's legal representatives in the two court martials were non-lawyers.

The second court martial resulted in the sentence which included the bad conduct discharge, and, as a consequence, it automatically went before the Naval Court of Military Review. That court affirmed the conviction on the basis of the record below, without the benefit of additional pleadings, although Baxter was notified of his right to be represented by appellate defense counsel. Baxter was also informed of his right to appeal the Naval Court of Military Review's decision to the United States Court of Military Appeals and to retain private counsel or have counsel appointed by the Navy, but no further appeal was taken.

On February 6, 1957, Baxter signed a form waiving his right to request restoration to duty in the Navy and requested execution of the discharge ordered by the special court martial, stating he did not feel he could adjust to military service.[1] Baxter served the sentence imposed and was given an "other than honorable" discharge from the Navy on April 9, 1957. See Appendix of Appellant at 53.

In 1976, under 10 U.S.C. § 1552 (1976), Baxter began his efforts to clear his name by writing to the Board, but the Board insisted that it lacked jurisdiction to review any aspect of a court martial other than the sentence, and suggested that the Judge Advocate General might have the power to strike the court martials from Baxter's record.[2] At this point, Baxter entered a legal maze.

The Judge Advocate General lacked jurisdiction to review the second court martial because he can only modify court martials that have not been before the Naval Court of Military Review. See UCMJ Art. 69, 10 U.S.C. § 869 (1976). Since Baxter's second court martial had resulted in a bad conduct discharge, it had been reviewed by that court before his discharge.

---

1. The Waiver of Restoration form stated:
   2. I understand that:
   a. This discharge will not be under honorable conditions;
   b. I may forfeit all rights as a veteran;
   c. I may not reenlist without special permission;
   d. The discharge will not be automatically received or changed; and
   e. I may expect to encounter substantial prejudice in civilian life.
   Appendix of Appellant at 62.

2. The letter Baxter actually received is not in the record. The record does include, however, a copy of the standard form letter used in answering such requests, which reads:

The Board for Correction of Naval Records is not empowered to disturb the approved findings of a court-martial, and its review is limited to determining whether or not the court-martial sentence was so severe as to constitute an injustice. The Board is bound by the court-martial findings, and may not disturb them. Accordingly, your application is being accepted only for a review of your court-martial sentence.
Under the provisions of Article 69, UCMJ, as amended effective 24 October 1968, the Judge Advocate General may be empowered to act on that part of your request wherein you want your court-martial stricken from your record.
Brief of Appellant at 57 n.59.

Because the Judge Advocate General had no power to change his status, Baxter did not follow the Board's suggestion and pursue that route. Instead, he filed a petition for a writ of coram nobis with the United States Court of Military Appeals, the highest court in the military system, with jurisdiction over appeals from the Naval Court of Military Review and the Courts of Military Review of the other services. But a writ of coram nobis corrects a mistake previously made by the court to which the petition for the writ is addressed, and Baxter's court martials had never been appealed to the United States Court of Military Appeals. Baxter's first court martial had not been reviewed by any appellate court, and, although the second court martial had been reviewed by the Naval Court of Military Review, the final appeal to the United States Court of Military Appeals had not been taken. The United States Court of Military Appeals therefore denied the writ without prejudice "to petitioner to present the matters contained in said Petition before the [Naval] Court of Military Review." *Baxter v. United States*, Misc. Docket No. 75–85 (C.M.A.' Feb. 2, 1976).

Accordingly, Baxter filed a second coram nobis petition with the Naval Court of Military Review, and that court commenced a coram nobis proceeding. After consideration of Baxter's pro se papers, the Judge Advocate General's arguments in opposition, and the original record of the 1956 court martial, the court denied the writ, holding that "petitioner was represented by proper defense counsel . . . according to the laws and regulations in effect" at the time. *Baxter v. United States*, Misc. Docket No. 76–1 (N.C.M.R. Nov. 22, 1976). Baxter neither appealed this decision to the United States Court of Military Appeals nor sought direct review in district court.

Instead, while the coram nobis proceeding was pending before the Naval Court of Military Review, Baxter, pro se, brought this suit in district court to redress the Board's refusal to consider his claims for relief as well as to challenge the court-martial convictions. Jurisdiction was based on both section 1331, 28 U.S.C. § 1331 (1976)

(federal question), and section 1361, 28 U.S.C. § 1361 (1976) (action in the nature of mandamus to compel an officer of the United States to perform a duty). Baxter claimed that the Board, as delegate of the Secretary of the Navy, erroneously refused to accept jurisdiction over his claim and thereby foreclosed an administrative remedy provided by Congress as an alternative to direct attack of court-martial convictions in military or civilian court. Baxter's complaint was also a collateral attack on the original court martials and asserted a cause of action directly under the Fifth and Sixth Amendments.

After limited discovery, both sides moved for summary judgment. The Navy contended, and the court below ruled, that Baxter's cause of action, if any, accrued in 1957 when he was discharged, and that his suit in district court was therefore barred by the six-year statute of limitations applicable to actions against the government, 28 U.S.C. § 2401 (1976), and by laches.

## II. DISCUSSION

In applying the statute of limitations and the doctrine of laches, the district court identified only one cause of action: an action against the United States for equitable relief based on the allegedly invalid court martials and dishonorable discharge, events which occurred in the fifties. Baxter did not, however, complain only of these events. As mentioned above, he also challenged the Board's refusal to exercise jurisdiction over his claims in 1976. We turn now to consider whether that refusal entitles Baxter to an order directing the Board to consider his claims.

The Secretary has delegated to the Board authority to correct military records pursuant to section 1552:

(a) The Secretary of a military department, under procedures established by him and approved by the Secretary of Defense, and acting through boards of civilians of the executive part of that military department, may correct any military record of that department when he considers it necessary to correct an

error or remove an injustice. . . . Except when procured by fraud, a correction under this section is final and conclusive on all officers of the United States.

(b) No correction may be made under subsection (a) unless the claimant or his heir or legal representative files a request therefor before October 26, 1961, or within three years after he discovers the error or injustice, whichever is later. *However, a board established under subsection (a) may excuse a failure to file within three years after discovery if it finds it to be in the interest of justice.*

10 U.S.C. § 1552 (1976) (emphasis added). On appeal, the government agreed that this provision gives the Board power to correct military records. Although technically the Board may lack the ability to invalidate or overrule a court-martial conviction, *see Goldstein v. Johnson,* 184 F.2d 342, 344 (D.C.Cir.), *cert. denied,* 340 U.S. 879, 71 S.Ct. 116, 95 L.Ed. 639 (1950), it does have the power to remove all traces of an invalid court martial from a serviceman's record and to change a dishonorable discharge into an honorable one. *See, e. g., Owings v. Secretary of the United States Air Force,* 447 F.2d 1245 (D.C.Cir.1971), *cert. denied,* 406 U.S. 926, 92 S.Ct. 1799, 32 L.Ed.2d 128 (1972); *Ashe v. McNamara,* 355 F.2d 277 (1st Cir. 1965). The Board clearly has jurisdiction to consider whether Baxter's military records should be corrected if the Board "considers it necessary to correct an error or remove an injustice." Moreover, the Board has a nondiscretionary, judicially enforceable duty to exercise this power to correct such records if the records are based on unconstitutional military trials. *See, e. g., Homcy v. Resor,* 455 F.2d 1345, 1348–49 (D.C.Cir.1971); *Ashe,* 355 F.2d at 280–81.

The government's only argument against ordering the Board to consider Baxter's claims is that Baxter never filed the proper form with the Board. But the Board's letter incorrectly informed Baxter,

a pro se petitioner, that it had no jurisdiction to provide any remedy for an improper court martial other than shortening a too-harsh sentence, and that the Judge Advocate General, rather than the Board, might be able to correct his record. With that advice, Baxter was justified in not filing an additional, formal claim for relief. The requirement that administrative remedies be exhausted does not include the performance of clearly useless acts. *See, e. g., McNeese v. Board of Education,* 373 U.S. 668, 674–76, 83 S.Ct. 1433, 1437–38, 10 L.Ed.2d 622 (1963); *Sholly v. United States Nuclear Regulatory Comm'n,* 651 F.2d 780, at 791 n.28 (D.C.Cir. 1980). We therefore hold that the Board erred in failing to perform a nondiscretionary duty when it refused even to consider Baxter's request for relief.[3]

It is true that there has been a twenty-year delay between the court martials and Baxter's challenge to their constitutionality, and this delay may place the government at a disadvantage in responding to the merits of the challenge. The effect of that delay is for the Board to adjudicate. We feel constrained to point out the obvious reason Baxter waited until the seventies to challenge the events of the fifties. The cases which form the basis for Baxter's constitutional challenge were not decided until 1972 and 1973. In *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), the Supreme Court extended the right to counsel to defendants in any criminal prosecution leading to imprisonment. And in *Berry v. City of Cincinnati,* 414 U.S. 29, 94 S.Ct. 193, 36 L.Ed.2d 190 (1973), the Court held that *Argersinger* applied retroactively to indigents imprisoned without benefit of counsel. Although the Supreme Court has not yet determined whether the Sixth Amendment applies to military tribunals, *see Middendorf v. Henry,* 425 U.S. 25, 96 S.Ct. 1281, 47 L.Ed.2d 556 (1976), Baxter argues that this constitutional right should be extended to military trials such as his.

---

**3.** We remand for the Board's consideration of the constitutional challenge pursuant to section 1552 rather than reaching the merits of Baxter's claims. *See Ogden v. Zuckert,* 298 F.2d 312 (D.C.Cir.1961) (a serviceman need not exhaust his section 1552 remedies before seeking

judicial review of earlier actions by military authorities, but a court may, in the exercise of its discretion, delay consideration of such claims until after administrative consideration under section 1552).

186

Because both his trials resulted in imprisonment, and in neither did he have legally trained defense counsel, Baxter maintains that he is entitled to new trials with proper counsel.

The basis of our remand is the Board's failure, in 1976, to exercise its express statutory jurisdiction and consider the constitutional challenge pursuant to section 1552. We need not determine whether that claim—arising from the events of the fifties—is barred by either laches or the six-year statute of limitations.[4] For purposes of our remand, it is enough that there has been no determination that the Board in 1976 was barred by either laches or a six-year statute of limitations.

Finally, we note that the time limit contained in section 1552 itself is not an absolute bar to the Board's consideration of the 1976 challenge; the Board is free to waive that limit "if it finds it to be in the interest of justice." Section 1552(b) provides that requests for relief should be brought within three years of the discovery of the alleged error or injustice. It is not clear whether Baxter sought relief from the Board within this three-year limit. He may have "discovered" the alleged "error or injustice" at the time of the original court martials: he seems to have known at that time that he was not represented by legally trained counsel. Alternatively, he may have discovered the error or injustice in 1972 or 1973 when *Argersinger* and *Berry* suggested that he might have had a constitutional right to counsel during the court martials. We also note that the Board, as stated above, may excuse a failure to file within the three-year time limit "if it finds it to be in the interest of justice." Thus, regardless of when Baxter discovered the alleged injustice, the Board can consider Baxter's claim if it is in the interest of justice. This determination is for the Board to make in the first instance.

4. The law, as it pertains to Baxter's challenge, has not changed since 1973. Thus, even if Baxter's constitutional claim is not time-barred, either laches or the statute of limitations could affect an action by any litigant who waited until the present time to bring a challenge similar to that brought by Baxter in 1976. A hold-

## CONCLUSION

Baxter informally asked the Board whether it could remedy alleged constitutional defects in court-martial proceedings and a resultant other-than-honorable discharge. The Board replied that it lacked jurisdiction to grant any relief from a court martial other than shortening an excessive sentence. This was error. Congress and the Secretary have, pursuant to section 1552, entrusted consideration of all requests for correction of service records to the Board. Baxter's pro se request was clearly within the class of cases that Congress wanted the Board to address, and the record does not reflect that the Board lacks jurisdiction to consider his claim. We therefore reverse and remand for entry of an order directing the Secretary, or the Board as his delegate, to exercise jurisdiction over Baxter's claims pursuant to section 1552.

*Reversed and remanded.*

ing that Baxter's challenge is not time-barred need not, therefore, open the Board or the courts to a large number of similar requests for relief. Moreover, the manner in which the Board exercises its jurisdiction under section 1552 is not circumscribed by this decision.