**Alfred J. KAISER, Plaintiff,**

v.

**The SECRETARY OF the NAVY and the Board for Correction of Naval Records, Defendants.**

Civ. A. No. 81–K–912.

United States District Court,
D. Colorado.

Nov. 17, 1981.

Richard M. Borchers and Wayne E. Stockton, Westminster, Colo., for plaintiff.

Joseph F. Dolan, U. S. Atty., Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action for mandamus and injunctive relief, pursuant to 28 U.S.C. §§ 1361, 1331, to compel the defendants to upgrade the plaintiff's 1948 military discharge. The defendants have moved to dismiss for failure to state a claim, pursuant to F.R.Civ.P. 12(b)(6), on the ground that the action is barred by the statute of limitations and laches. For the following reasons, the motion is denied.

The plaintiff is a former member of the United States Marine Corps and was serving on active duty when charged with the military crime of desertion and convicted by a general court-martial on February 9, 1948. He was sentenced to confinement at hard labor for twenty-four months and received a dishonorable discharge. The plaintiff claims that he is entitled to have his dishonorable discharge upgraded and his court-martial conviction voided since he was denied his fifth amendment right to due process of law during the court-martial proceedings.

The plaintiff claims that he was denied effective assistance of counsel because he was represented solely by a dentist who did nothing to present a case or a defense. The plaintiff also asserts that the entire trial was a sham and a farce. The plaintiff's commanding officer sat on the jury and also testified against the plaintiff as a prosecution witness. Upon completing his testimony, this commanding officer resumed his seat with the jury. Further, the court-martial was advised by a judge advocate who also acted as prosecutor. This judge advocate called himself as a prosecution witness against the plaintiff and then returned to

his dual duties as prosecutor and legal advisor after testifying. The only two witnesses against the plaintiff at this trial were his commanding officer and the judge advocate.

The plaintiff first attempted to upgrade his dishonorable discharge administratively, through the defendant Board for Correction of Naval Records. This board is an entity created by 10 U.S.C. § 1552 to correct errors and records of present and former members of the United States Navy and the United States Marine Corps. The correction board denied the plaintiff's request to upgrade his dishonorable discharge in 1979 and the defendant Secretary of Navy followed the correction board's recommendation. The plaintiff then brought this action in June, 1981, to direct the defendants to upgrade his discharge.

## STATUTE OF LIMITATIONS

■ The defendants claim that the plaintiff's action to upgrade his 1948 military discharge is barred by the six year statute of limitations applicable to civil actions against the United States government, 28 U.S.C. § 2401. There are several military discharge cases which support the defendants' contention.[1] However, a number of federal courts, including the United States Supreme Court and Tenth Circuit, have entertained military discharge review cases which the six year statute of limitations clearly should have barred.[2] Neither party attempts to reconcile this apparent conflict among the numerous federal courts. Indeed, I am only aware of two federal courts that have journeyed through this labyrinth of precedents.

In *Baxter v. Claytor*, No. 77–1984, Slip Op., (D.C.Cir., December 19, 1978), *vacated on other grounds by* 652 F.2d 181 (D.C.Cir. 1981)[3], the D.C. Circuit, presented with facts similar to the instant case, refused to apply the six year statute of limitations or laches to an action for mandamus and injunctive relief to correct the plaintiff's 1948 court-martial and dishonorable discharge from the navy. The plaintiff claimed that the proceedings violated his sixth amendment rights since he did not have the assistance of legal counsel at the court-martial. The plaintiff first attempted to correct his discharge administratively but the navy correction board dismissed his action, erroneously claiming that the board lacked jurisdiction to review any aspect of a court-martial other than the sentence. The plaintiff eventually brought an action in the D.C. district court to compel the correction board to hear his claim and upgrade his discharge but the district court dismissed his action as barred by the six year statute of limitations and laches.

---

**1.** *See, e. g., Homcy v. United States*, 536 F.2d 360, 210 Ct.Cl. 332, *cert. denied*, 429 U.S. 984, 97 S.Ct. 502, 50 L.Ed.2d 595 (1976), *O'Callahan v. United States*, 451 F.2d 1390, 196 Ct.Cl. 556 (1971), *Mathis v. Laird*, 324 F.Supp. 885 (M.D. Fla.1971), *aff'd* 457 F.2d 926 (5th Cir.), *cert. denied* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972), *Mathis v. United States*, 391 F.2d 938, 183 Ct.Cl. 145, *vacated on other grounds*, 394 F.2d 519, 183 Ct.Cl. 145 (1968), *Kirk v. United States*, 164 Ct.Cl. 738 (1964), *Friedman v. United States*, 310 F.2d 381, 159 Ct.Cl. 1 (1962), *cert. denied sub nom., Lipp v. United States*, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691, *Lipp v. United States*, 301 F.2d 674, 157 Ct.Cl. 197 (1962).

**2.** *See, e. g., Warner v. Flemings*, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973) (1946 discharge), *Homcy v. Resor*, 455 F.2d 1345 (D.C.Cir.1971) (1944 discharge), *Angle v. Laird*, 429 F.2d 892 (10th Cir. 1970), *cert. denied*, 401 U.S. 918, 91 S.Ct. 90, 27 L.Ed.2d 819 (1971) (1948 discharge), *Haines v. United States*, 453 F.2d 233 (3d Cir. 1970) (1956 discharge), *Ragoni v. United States*, 424 F.2d 261 (3d Cir. 1970) (1947 discharge), *Smith v. McNamara*, 395 F.2d 896 (10th Cir. 1968), *cert. denied*, 394 U.S. 934, 89 S.Ct. 1211, 22 L.Ed.2d 466 (1969) (1945 discharge), *Ashe v. McNamara*, 355 F.2d 277 (1st Cir. 1965) (1945 discharge).

**3.** While there is no mention of the first *Baxter v. Claytor* opinion in the D.C. Circuit's second opinion at 652 F.2d 181, the circuit court apparently decided that it was not necessary to resolve the statute of limitations issue since the district court erred by not ordering the correction board to assert jurisdiction over the plaintiff's claim in the first instance. The circuit court in the second *Baxter* opinion avoided the statute of limitations question by remanding the case to the correction board, thereby vacating the first *Baxter* opinion. I nevertheless do not feel constrained from restating the sound reasoning and exhaustive research of the initial opinion, although I recognize its limited precedential value.

On appeal, the circuit reversed the district court and in the process attempted to resolve the previously mentioned mass of conflicting decisions. *See* notes 1 and 2 *supra*. The circuit court distinguished between three types of federal civil actions available to service personnel and ex-service personnel, court-martialed and discharged less than honorably and seeking redress of these improper discharges: 1) They may bring habeas corpus actions for relief from both detention and the discharge if they are still "in custody." *See Gosa v. Mayden*, 413 U.S. 665, 670 n.3, 93 S.Ct. 2926, 2931 n.3, 37 L.Ed.2d 873 (1973), *United States ex rel. Jacobs v. Froehlke*, 481 F.2d 540, 541 (D.C. Cir.1973); 2) They may bring monetary relief actions to recover damages or pay and benefits illegally withheld because of the discharge, *see* note 1 *supra*; or 3) They may bring actions solely for correction of their less than honorable discharges by mandamus, injunctive or declaratory relief. *See* note 2 *supra*. The circuit court termed this third type of action a "corrective action."

All three of these actions are civil so the six year statute of limitations for civil actions against the government, 28 U.S.C. § 2401, should logically apply to each of them. However, the circuit court observed that § 2401 has not been uniformly applied to these three types of actions. Actions for monetary relief have been held consistently to be subject to the statute of limitations. *See* note 1 *supra*. However, habeas corpus petitions have been held with equal consistency not to be subject to time bars. *See, e. g., Pennsylvania ex rel. Herman v. Claudy*, 350 U.S. 116, 123, 76 S.Ct. 223, 227, 100 L.Ed. 126 (1956), *Palmer v. Ashe*, 342 U.S. 134, 72 S.Ct. 191, 96 L.Ed. 154 (1951). As to corrective actions, counsel have not cited nor am I aware of any clear decision that they are subject to the limitations statute.[4] However, courts have consistently entertained corrective actions which time bars would have foreclosed. *See* note 2 *supra*.

The circuit court in *Baxter* then offered two rationales for treating "corrective actions" like habeas actions, rather than like monetary relief actions, for the purposes of applying time bars. First, the court noted that while detention and confinement due to an invalid court-martial conviction are grievous injuries, a "military discharge under other than honorable conditions imposes a lifelong disability of greater consequences," citing *Homcy v. Resor, supra*, at 1345. Among the serious collateral, non-imprisonment consequences of a court-martial conviction are the lifelong social and psychological stigma and greatly limited employment opportunities. *See Bland v. Connally*, 293 F.2d 852, 858 n.10 (D.C.Cir.1962), *Stapp v. Resor*, 314 F.Supp. 475, 478 (S.D.N. Y.1970). Jones, *The Gravity of Administrative Discharges: A Legal and Empirical Evaluation*, 59 Mil.L.Rev. 1 (1973). Accordingly, it is the desire to permit parties to avoid the most pernicious deprivations resulting from [court-martial] convictions— the collateral consequences—which most strongly justifies exempting habeas actions from time bars. Corrective actions share this rationale with habeas actions and should be treated in the same manner.

Second, corrective actions, like habeas actions, impose a lesser burden on the strong interest of the military justice system in the finality of its judgments than do actions for monetary relief. The court stated:

> Like a habeas petition, a plaintiff who seeks corrective relief, seeks prospective relief from collateral consequences, and invokes the aid of the court only to protect against infringement upon his liberty. The government is granted a measure of repose for past infringement of his liberty. Relief is accorded only because the continuation of the conviction's collateral consequences can no longer be justi-

---

4. The only case I am aware of which has dismissed a corrective action as barred by the statute of limitations is *Brewster v. Secretary of United States Army*, 489 F.Supp. 85, 89 (E.D.N.Y.1980). However, the plaintiff in *Brewster* included claims for monetary relief in addition to his claim for mandamus and the court relied solely on two monetary relief cases, *O'Callahan v. United States, supra*, and *Gersten v. United States*, 364 F.2d 850, 176 Ct.Cl. 633 (1966), to justify its result.

fied in constitutional terms. He invokes the values of our constitutional heritage which accord greater weight to the individual's liberty than to the state's interest in repeated or continuing punishment. In contrast a plaintiff who seeks monetary relief invokes the court's aid to extract retroactive relief for past governmental impositions on his liberty. He seeks to transform his delay into an added burden on the government, which is denied the right to a final accounting for the expenses of past years and is asked to pay added damages which have accrued during the period of delay. (footnotes omitted.)

*Baxter v. Claytor, supra* at *id.* [5]

In *Mulvaney v. Stetson,* 470 F.Supp. 725, 730 (N.D.Ill.1979), the district court articulated an alternative approach for explaining why the numerous corrective actions cited at note 2, *supra,* were not barred by the statute of limitations. The district judge, mentioning the *Baxter* case, expressly declined to reach the issue whether § 2401 may ever be applied to bar corrective actions, holding that even if the statute of limitations applied, the plaintiff's action accrued from the date of the last administrative decision, not from the date of discharge. Since the air force correction board had issued its decision just two years before the plaintiff initiated his action in federal court, the action was not barred by the six year statute of limitations. The court found, however, that the plaintiff's claim for money damages against air force officers, arising from the same facts as the corrective action, accrued at the date of discharge in 1945 and was barred by § 2401.

Implicit in the *Mulvaney* decision is the recognition of the requirement that plaintiffs exhaust administrative remedies with the correction board in corrective relief cases but not in monetary relief cases. Indeed, several federal courts in corrective cases have held that plaintiffs must exhaust administrative remedies with the applicable correction board, pursuant to 10 U.S.C. § 1552, before seeking judicial review of their discharges. *See, e. g., Von Hoffburg v. Alexander,* 615 F.2d 633, 641 (5th Cir. 1980), *Bard v. Seamans,*[6] 507 F.2d 765, 768–70 (10th Cir. 1974), *Hodges v. Callaway,* 499 F.2d 417, 420 (5th Cir. 1974), *Angle v. Laird, supra,* at 894.

Consistent with this argument, several courts in monetary relief cases have held that exhaustion of administrative remedies with the correction board is only permissive and therefore, does not toll the statute of limitations.[7] *Mathis v. United States, su-*

---

5. The court also noted that there are doctrines other than time bars which protect the government's interest in the finality of long-standing military discharges, in habeas and corrective cases, such as the non-retroactivity of new rights of the accused that do not affect the truth finding function of the court, *see Stovall v. Denno,* 388 U.S. 293, 296–98, 87 S.Ct. 1967, 1969–70, 18 L.Ed.2d 1199 (1967), and judicial circumspection in the review of old evidence. *See United States v. Cariola,* 323 F.2d 180 (2d Cir. 1963).

6. In *Bard v. Seamans,* the Tenth Circuit affirmed the district court in Colorado's dismissal of a corrective action seeking review of a 1963 discharge. The circuit court expressly modified the district court's disposition to one of dismissal solely for failure to exhaust administrative remedies and not due to the statute of limitations. *See id.* at 767.

7. In *Von Hoffburg v. Alexander, supra* at 640–41, the Fifth Circuit explained the reason for requiring exhaustion in corrective actions but not in money *damage* cases. The court noted that parties generally need not exhaust remedies that are futile or inadequate. Since the correction board does not have authority to award damages, *see* 10 U.S.C. § 1552, 32 C.F.R. § 581.3 (1979), resort to the board would be futile in damage actions. The court further noted that even if the board could award such damages, "the lack of full discovery and subpoena procedures would make fair litigation of plaintiff's damage claim impossible" *id.* However, the correction board does have the authority to award back pay and benefits due to an improper discharge, *see* 10 U.S.C. § 1552(c), and back pay actions do not generally require the extensive discovery of damage actions. It is therefore with some hesitation that I rely on the line of reasoning that distinguishes the proper time of accrual of all monetary relief actions on the assumption that exhaustion of administrative remedies is futile and therefore only permissive. However, resolution of the proper approach to time bars in all monetary relief cases is not necessary for the disposition of this action.

pra, 391 F.2d at 939, *Kirk v. United States, supra* at 742–43, *Friedman v. United States, supra* at 393, *Lipp v. United States, supra,* 301 F.2d at 675–76.

I, like Judge Marshall in *Mulvaney v. Stetson, supra,* need not decide the issue whether time bars may ever be applied in corrective actions since, in the alternative, the plaintiff's cause of action for corrective relief accrued at the date of the correction board's last decision in 1979. Accordingly, his action, filed in 1981, is not barred by the six year statute of limitations.

### LACHES

To the extent that the laches claim requires a separate analysis,[8] the motion to dismiss on the ground of laches is denied since the defendants have not shown sufficient prejudice to invoke this equitable doctrine and in any event, the defendants have waived their right to assert this defense. Laches requires proof of both undue delay by the plaintiff and prejudice to the defendant. *Van Bourg v. Nitze,* 388 F.2d 557, 565 (D.C.Cir.1967). 10 U.S.C. § 1552(b) provides that no request for correction of records may be made more than three years after the discovery of the error or injustice unless the correction board finds it to be in the "interest of justice" to excuse the failure to file within the three year limit. Accordingly, when the defendant correction board decided to review the plaintiff's action, filed far beyond the three year limit, it implicitly determined that the "interest of justice" outweighed any governmental prejudice. Further, by voluntarily excusing the plaintiff's untimely filing and reviewing his petition, the defendants waived any previous right they may have had to assert the equitable defense of laches. It is hereby

ORDERED that the defendants' motion to dismiss is denied.

---

8. In *Baxter v. Claytor, Slip Op., supra,* the D.C. Circuit held that corrective actions, like habeas actions should not be subject to any time bars and it declined to apply either § 2401 or laches to the plaintiff's action. *See also Brundage v.*

*United States,* 504 F.2d 1382, 1385 (Ct.Cl.1974), noting that the pursuit of mandatory administrative remedies defers the running of both limitations and laches.