**William Robert CALHOUN, Petitioner,**

v.

**John LEHMAN, Secretary of the Navy, Respondent.**

**Civ. A. No. 78–0988.**

United States District Court, District of Columbia.

Oct. 29, 1982.

David F. Addlestone, F. Whitten Peters, Washington, D.C., for petitioner.

John D. Bates, Asst. U.S. Atty., Washington, D.C., for respondent.

MEMORANDUM

GESELL, District Judge.

This case involves the challenge of William Robert Calhoun, a former naval enlisted man, to his July, 1944 court-martial conviction for theft and sentence of four years' imprisonment and dishonorable discharge.

Mr. Calhoun claims that the court-martial violated his constitutional rights and applicable naval regulations, and seeks various forms of declaratory and injunctive relief to upgrade his discharge to honorable, thus restoring eligibility for veteran's benefits.[1]

The case was originally brought *pro se* and dismissed by another Judge of this Court. The United States Court of Appeals remanded for further consideration in light of its recent ruling in *Baxter v. Claytor,* 652 F.2d 181 (D.C.Cir.1981). The case was then reassigned in normal course. Able counsel experienced in military law and procedure was appointed and nine months of extensive investigation into the facts and circumstances relating to Mr. Calhoun's claims was undertaken. The matter is now before the Court on the parties' cross-motions for summary judgment.

Mr. Calhoun has long felt aggrieved and has pursued many remedies administratively and by litigation before coming to this Court. Among those was a suit filed in the United States Court of Claims on September 22, 1977, in which Mr. Calhoun made claims virtually identical to those made before this Court. His complaint was well drawn, explicit, and reflected detailed knowledge of naval rules and regulations.

The complaint was dismissed, however, on the ground that claims relating to his 1944 court-martial and ultimate discharge in 1947 were barred by the Court of Claims' six-year statute of limitations.[2] The Secretary of the Navy now asserts in his supplemental motion for summary judgment that that Court of Claims judgment is *res judicata.* This Court must agree and the complaint must accordingly be dismissed. Other issues raised by the cross-motions need not be considered.

A dismissal based on the statute of limitations in the Court of Claims is a decision on the merits and is *res judicata* in the Federal District Courts. *Mathis v. Laird,* 457 F.2d 926 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 201, 34 L.Ed.2d 122 (1972). *See Huettl v. United States,* 675 F.2d 239, 242 n. 6 (9th Cir.1982); *Williamson v. Columbia Gas and Electric Corp.,* 186 F.2d 464 (3d Cir.1950), *cert. denied,* 341 U.S. 921, 71 S.Ct. 743, 95 L.Ed. 1355 (1951); *O'Hare v. General Marine Transport Corp.,* 534 F.Supp. 120, 124 (S.D.N.Y.1981); *Haislip v. Riggs,* 534 F.Supp. 95, 99 (W.D.N.C.1981). Mr. Calhoun urges that, because the jurisdiction of the Court of Claims is premised on a claim for money damages, and he here seeks only equitable relief,[3] his claim should

1. In his original complaint, Mr. Calhoun also alleged that his reduction in rank by Captain's Mast in January of 1944 was in violation of applicable naval regulations and his due process rights under the Fifth Amendment. That claim was held to be barred by laches in this Court's Memorandum and Order of January 27, 1982.

2. Section 2501 of 28 U.S.C. provides in pertinent part:
   Every claim of which the Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
   That language is virtually identical to this Court's statute of limitations, found at 28 U.S.C. § 2401(a), which reads in pertinent part:
   Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.

3. Prior to 1972, the Court of Claims' jurisdiction was limited only to claims for monetary relief. Section 1491 of 28 U.S.C. provided:

The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. However, in 1972 Congress passed Public Law No. 92–415, which added the following provision to that section:
*To provide an entire remedy and to complete the relief afforded by the judgment,* the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States. In any case within its jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just. (Emphasis added.)

not be barred under the theory presented in § 61.2(1)(c) of the Restatement (Second) of Judgments (Tent. Draft No. 5, 1978). That section provides:

(1) When any of the following circumstances exists, the general rule of [*res judicata*] does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:

\* \* \* \* \* \*

(c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief.

Mr. Calhoun has presented no new theories of the case to this Court that were not also before the Court of Claims in 1977. That Court, under the 1972 amendments to 28 U.S.C. § 1491, *see* note 3, *supra,* had equitable powers to grant the declaratory and injunctive relief requested in that case and also sought before this Court. Simply because the Court of Claims' equitable jurisdiction was dependent on its jurisdiction to grant money damages does not, as Calhoun argues, mean that he was unable to seek equitable relief where he had in fact made a claim for money damages. In a similar case, *Mathis v. Laird, supra,* a *pro se* plaintiff discharged from the Army sought in the District Court correction of his military discharge from "undesirable" to "honorable." Because he had earlier brought a claim for damages in the Court of Claims,

and that Court had found his action barred by the statute of limitations, *Mathis v. United States,* 391 F.2d 938, 183 Ct.Cl. 145 (1968), the District Court found the issue to be *res judicata.* 324 F.Supp. 885, 887 (M.D. Fla.1971). That case, which was affirmed by the Fifth Circuit, was decided before the Tucker Act amendments to 28 U.S.C. § 1491 were adopted and yet makes no references to the Court of Claims' lack of equity jurisdiction. Under the circumstances of this case, where the Court of Claims in fact could have granted Calhoun full relief, surely that Court's dismissal under the statute of limitations should also be given *res judicata* effect.

The policies behind the doctrine of *res judicata* are several; protecting litigants from the burden of relitigating the same issue with the same party, promoting judicial economy by preventing needless litigation, preventing inconsistent verdicts, and perhaps most importantly, providing finality in the resolution of disputes. *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979); *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Southern Pacific R.R. v. United States,* 168 U.S. 1, 49, 18 S.Ct. 18, 27, 42 L.Ed. 355 (1897). Each of these considerations weighs against the petitioner in this case. Moreover, the *res judicata* consequences of a final, unappealed judgment are not altered by the fact that the judgment may have been mistaken or even that it rested on a legal principle subsequently overruled. *Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981). No matter how compelling the circumstances may be in any individual case, "[t]he doctrine of res judica-

---

Consequently, after 1972 the Court of Claims had jurisdiction to grant the equitable relief requested by Mr. Calhoun in his complaint in that case pursuant to its jurisdiction to grant the monetary damages he also claimed in that suit. Mr. Calhoun has not asked for monetary damages in the instant action, but otherwise his claims for equitable relief—a declaration

that his court-martial violated naval regulations and his constitutional rights and was therefore void, and injunctive relief upgrading his discharge to honorable and reinstating his right to veteran's benefits—are similar to the relief requested in the Court of Claims and similarly were within that Court's jurisdiction.

ta serves vital public interests beyond any individual judge's ad hoc determination of the equities of a particular case. There is simply 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of *res judicata*,'" *Federated, supra* at 401, 101 S.Ct. at 2429, quoting *Heiser v. Woodruff,* 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946).

■ Mr. Calhoun has had his day in court and a full opportunity to litigate his claim. His complaint filed in the Court of Claims, although *pro se,* was, as indicated, both detailed and sophisticated. He recited his theories in full and discussed the facts and relevant law and regulations clearly. Mr. Calhoun chose to litigate his claim in that forum and lost. The predicament in which he finds himself is one of his own making, and the Court cannot for his sole relief upset the doctrine of *res judicata* "conceived in the light of the maxim that the interest of the state requires that there be an end to litigation." *Reed v. Allen,* 286 U.S. 191, 198–99, 52 S.Ct. 532, 533, 76 L.Ed. 1054 (1947).

This Court's Order of January 27, 1982, did not direct the Naval Board for Correction of Military Records to reconsider Mr. Calhoun's claims in the first instance, as was done in *Baxter, supra,* because Mr. Calhoun represented that he strongly opposed any such action given his prior confusing and unsatisfactory experience in dealing with military tribunals. This Court had opportunity to examine the merits of Mr. Calhoun's claim before the issue of *res judicata* was raised at the last moment. It now appears to the Court that there may well be merit to that claim. In particular, Mr. Calhoun's military records and the recollections of available witnesses both indicate that he probably was not notified of the charges pending against him until the very morning of his trial, in contravention of Article 43 of the Articles for the Government of the Navy. Mr. Calhoun may again seek relief from the Naval Board. As this Circuit noted in *Baxter, supra* at 186, the Naval Board is free to exercise its jurisdiction, regardless of time, "if it finds it to be in the interest of justice." Without rendering an advisory opinion, the Court notes that the Board may find the interests of justice favor further consideration of Mr. Calhoun's case on the basis of facts now developed.

The Court expresses its appreciation for the excellent, conscientious representation that Mr. Calhoun has received from appointed counsel, who have undertaken a difficult duty at the request of the Court and who have explored every aspect of the tangled issues presented by this persistent litigant.

An appropriate Order is filed herewith.

### ORDER

For the reasons set forth in the Court's Memorandum filed herewith, it is hereby

ORDERED that petitioner's motion for summary judgment is denied; and it is further

ORDERED that respondent's motion for summary judgment is granted and the complaint is dismissed.