Carol A. MISKILL, Plaintiff,

v.

John LEHMAN, Secretary of the Navy, Defendant.

Civ. A. No. 83–0674.

United States District Court, District of Columbia.

July 19, 1983.

Stephen C. Glassman, Washington, D.C., for plaintiff.

Mitchell R. Berger, Asst. U.S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

In the fall of 1972, plaintiff Carol A. Miskill was a career Marine Corps officer stationed in Iwakuni, Japan, for a minimum 18-month tour. By letter dated June 11, 1973, Miskill tendered her resignation of her regular commission and requested a Reserve commission, stating:

> My reason for submitting my letter for resignation of permanent appointment is that I was married 24 April 1973 to Lt. (jg) Donald K. Miskill, Jr. and have recently obtained positive proof of my pregnancy.... I desire my resignation to become effective on or about 15 August 1973, so that I may return to CONUS [the continental United States] with my husband in October 1973 and begin Reserve service.

Plaintiff and her husband, a Navy pilot, returned to the United States where plaintiff accepted a Marine Reserve commission.

In 1979 plaintiff applied for and was accepted into full-time active service in the Reserves, where she is presently serving. In the meantime, plaintiff has advanced from the position of Lieutenant to Major.

At the time plaintiff offered her resignation, Marine Corps regulations provided for presumptive discharge of pregnant servicemen, although discharge might be waived upon application in the discretion of the Commandant of the Marine Corps. An earlier version of this regulation, which called for presumptive discharge with no possibility of waiver, was declared invalid as violating both the due process and equal protection guarantees of the Constitution in *Crawford v. Cushman,* 531 F.2d 1114 (2d Cir.1976).

Although Miskill was not discharged but resigned her regular commission voluntarily to take up a Reserve commission, she claims that but for the 1973 presumptive discharge regulation she would have retained her status as a regular career officer, and that the 1973 regulation is also invalid under the standards of *Crawford, supra.* She brought this claim before the Board for Correction of Naval Records (BCNR) in 1980, requesting that the Board correct her military record to reflect that she was not discharged in 1973 from regular service but continued in active duty in the regular Corps until the present time. Plaintiff supported her application for relief with a detailed statement of the circumstances of her resignation and supporting documents reflecting this and her continued efforts to pursue a career in the Corps through the Marine Corps Reserve. The BCNR met and considered Miskill's application and by letter dated October 1, 1980, denied her requested relief. The BCNR found that plaintiff's resignation was motivated at least in part by her desire to return to the United States with her husband, and that since plaintiff had neither been discharged nor applied for a waiver, but had resigned voluntarily, it could not be said that she had been improperly discharged pursuant to an invalid regulation.

This suit was filed March 9, 1983. Plaintiff seeks judicial review of the BCNR's action denying her requested relief. She also seeks direct review of her 1973 resignation on the grounds it was allegedly the result of defendant's regulation regarding pregnancy, which plaintiff argues was unconstitutional under *Crawford, supra.*[1]

Defendant has moved for dismissal on a number of grounds and the Court has before it plaintiff's military record and the record that was before the BCNR. Defendant's motion shall be treated as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(c). No material facts are in dispute and the motion must be granted and the complaint dismissed on the grounds that the action of the BCNR must be upheld under the relevant standard of review and judicial review of the underlying events in 1973 is barred by the applicable statute of limitations.

■ Section 2401(a) of Title 28 of the United States Code provides that

[e]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.

Plaintiff resigned her regular commission and entered the Reserves in 1973. This action was filed in 1983. On its face, plaintiff's challenge to the 1973 regulation appears to be barred by the statute. However, case law on the application of § 2401(a) is in disarray, and courts have frequently heard challenges to military courts-martial and discharges long after the statute would appear to have barred them. *Walters v. Secretary of Defense,* 533 F.Supp. 1068, 1070 (D.D.C.1982), *on appeal,* Appeal No. 82–2089. *See Homcy v. Resor,* 455 F.2d 1345 (D.C.Cir.1971); *Ashe v. McNamara,* 355 F.2d 277 (1st Cir.1965).

The factors to be considered by the Court in determining whether to apply the statute have never been clearly articulated. However, based on a review of the cases this Court concludes that under all the circumstances of this case application of the statute to bar any challenge to the events of 1973 is appropriate.

Unlike other cases in which courts have reviewed challenges to military action after the six-year period, plaintiff in this case has not suffered either court-martial or involuntary administrative discharge under less than honorable conditions. Consequently, plaintiff is not tainted with the "unmistakable social stigma which greatly limits the opportunities for both public and private civilian employment" associated with such discharge. *Bland v. Connally,* 293 F.2d 852, 858 (D.C.Cir.1961); *see Baxter v. Claytor,* 652 F.2d 181 (D.C.Cir.1981) (bad-conduct discharge following court-martial conviction); *Van Bourg v. Nitze,* 388 F.2d 557 (D.C.Cir.1967) (discharge under conditions less than honorable); *Homcy, supra* (court-martial conviction and dishonorable discharge), and *Ashe, supra* (court-martial conviction and dishonorable discharge). Plaintiff resigned voluntarily, was offered and accepted a Reserve commission, and has since pursued a successful career in the Marine Corps Reserve. *See Saffron v. Department of the Navy,* 561 F.2d 938 (D.C. Cir.1977), *cert. denied,* 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978) (statute of limitations applies to action by civilian employee of Navy challenging termination of employment).

Neither is this a case where plaintiff was forced to delay bringing an action because the case law forming the basis for her challenge was not decided until long after the challenged action took place. *Cf. Baxter v. Claytor, supra* at 185. True, the *Crawford* case striking down Marine regulations requiring presumptive discharge for pregnancy was not decided until February of 1976, more than two years after plaintiff tendered her resignation. *Crawford, supra.* But plaintiff waited a full seven additional years to file her claim after that case was

---

1. Plaintiff seeks primarily injunctive relief and has waived any claim for monetary damages in excess of $10,000, see Amended Complaint filed July 15, 1983, so jurisdiction in this Court is proper under the Tucker Act, 28 U.S.C. § 1346(a)(2). *Goble v. Marsh,* 684 F.2d 12 (D.C.Cir.1982).

decided, although the law has not changed since 1976. *Baxter, supra* at 186 n. 4. Plaintiff was a Marine Corps officer and a college graduate. She remained an active member of the Marine Corps Reserve with access to Corps regulations and was married to a Naval officer. Although plaintiff argues that she did not become aware of the *Crawford* decision until 1980, this was not for lack of ability or opportunity, and a plaintiff aware of the facts of the case cannot justify a delay in filing a complaint because of ignorance of legal rights that could have been readily discovered through due inquiry. *Randall v. Mayor of Baltimore,* 512 F.Supp. 150, 154 (D.Md.1981).

The six-year statute of limitations will consequently be applied to bar any direct review by this Court of the 1973 regulation and plaintiff's resignation at that time. However, the statute does not bar plaintiff's requested review of the action of the BCNR in denying plaintiff's requested relief in 1980. The BCNR's action is agency action which is reviewable under the "arbitrary and capricious" standard of the Administrative Procedure Act, 5 U.S.C. § 706, and the Court finds it must be upheld under that standard.[2] *Matlovich v. Secretary of the Air Force,* 591 F.2d 852, 857 (D.C.Cir.1978).

The BCNR found that plaintiff had not, in fact, resigned because of the pregnancy regulation but because she was newly married and wished to return with her husband to the United States. This finding was supported by the following evidence in the record. Plaintiff was not involuntarily discharged pursuant to the regulation, but rather tendered her resignation although the Marine Corps had not taken any action whatsoever regarding her status; plaintiff did not apply for a waiver of the presumptive discharge, although the regulation provided for discretionary waiver; plaintiff's letter of resignation does not state that she was resigning due to the regulation, but

merely states that she is newly married and pregnant and wishes to remain with her husband and return to the United States.

Plaintiff offered in support of her claim for relief her assertion that, although the record does not reflect that the pregnancy regulation was the cause of her resignation, the regulation was in fact the subjective cause of her decision to resign. Plaintiff further asserted that she was unaware of the waiver provision, which had been added to the regulation a year before.

Although this Court might have reached a different conclusion faced with the same record, it cannot find the BCNR's decision to have been arbitrary, capricious, or unsupported by the evidence. The record is consistent with either view of plaintiff's subjective intent in resigning, and the BCNR's action must be upheld and the complaint herein dismissed.

An appropriate Order is filed herewith.

---

**2.** In addition to arguing that the BCNR's decision was arbitrary and capricious, plaintiff alleges that the fact that the BCNR made its decision without an oral hearing is a violation of due process. This argument has no merit as

plaintiff had no right to a hearing under the circumstances and it was within the BCNR's discretion to determine the issue without one. *Powell v. Marsh,* 560 F.Supp. 636 (D.D.C.1983).