Karl BALLENGER, Appellant,

v.

John O. MARSH, Jr., Secretary of the
Army, Appellee.

No. 82–2504.

United States Court of Appeals,
Eighth Circuit.

Submitted June 7, 1983.
Decided June 10, 1983.

Toby H. Hollander, St. Louis, Mo., for appellant.

Robert G. Ulrich, U.S. Atty., Larry D. Coleman, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before LAY, Chief Judge, ROSS and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Karl Ballenger was convicted of sodomy by an Army Court Martial on July 28, 1923. His conviction was reviewed and upheld by a Staff Judge Advocate on August 6, 1923, and by a Board of Review on September 11, 1923.[1] Ballenger was dishonorably discharged on September 21, 1923. In 1959, he

---

1. The sentence for the conviction was five years imprisonment and dishonorable discharge.

asked the Army Board of Correction of Military Records (ABCMR) to change his dishonorable discharge to an honorable discharge, arguing insufficient evidence and inadequate assistance of counsel. The ABCMR reviewed the petition on its merits and denied it. In 1981, Ballenger again applied to the ABCMR to correct his records. He made three arguments: (1) he was denied his sixth amendment right to an attorney, (2) there was insufficient evidence to convict him, and (3) his conviction was unjust because the Army had changed its standards regarding homosexual conduct. After review by the office of the Judge Advocate General, the ABCMR denied the request, finding that Ballenger had failed to show material error or prejudice.

Ballenger then filed this lawsuit against John Marsh, the Secretary of the Army. In his complaint, he asked for an injunction requiring the Army to remove his conviction and substitute an honorable discharge for his dishonorable discharge and for backpay and interest for the remainder of his enlistment period. He abandoned the third ground (changed treatment) in his suit.

The district court[2] granted Marsh's motion for summary judgment. The district court applied the six-year statute of limitations in 28 U.S.C. § 2401(a)[3] for suits against the United States and held that Ballenger's cause of action, at the outside, accrued in 1959 when the ABCMR denied his first petition. The district court concluded that Ballenger's suit was untimely and must be dismissed.

On appeal Ballenger argues that the six-year statute of limitations in § 2401(a) is inapplicable in this case because this suit is not against the United States and is not brought under the Tucker Act. He contends that this action is corrective in nature and that therefore no statute of limitations should apply. He asserts that his 1981

claim involves a substantially different claim than did his 1959 claim.

First, Ballenger's backpay claims clearly were not properly before the district court. Section 2401(a) applies, and the cause of action accrues on the date of discharge. *E.g., Bonen v. United States,* 666 F.2d 536, 539 (Ct.Cl.1981). Further, under the Tucker Act exclusive jurisdiction is with the Court of Claims. 28 U.S.C. § 1491; *Neal v. Secretary of the Navy,* 472 F.Supp. 763, 774 (E.D.Pa.1979), *rev'd on other grounds,* 639 F.2d 1029 (3d Cir.1981); *Mulvaney v. Stetson,* 470 F.Supp. 725, 731 (N.D. Ill.1979).

Ballenger's second claim is for "corrective" action. He requests that his military records be corrected to reflect an honorable discharge and that all references to his court-martial be deleted. Board decisions denying "corrective" action are reviewable by federal courts. *Neal v. Secretary of the Navy,* 639 F.2d 1029, 1036–37 (3d Cir.1981); *Matlovich v. Secretary of the Air Force,* 591 F.2d 852, 859 (D.C.Cir.1978); *Hodges v. Callaway,* 499 F.2d 417, 423 (5th Cir.1974); *Sanford v. United States,* 399 F.2d 693, 694 (9th Cir.1968).

However, review must be sought in a timely fashion. A discharged soldier has fifteen years in which to apply for review of his or her discharge. 10 U.S.C. § 1553. He or she has three years in which to apply for correction of his or her records, 10 U.S.C. § 1552(a), which can include removing references to an invalid court-martial. *Baxter v. Claytor,* 652 F.2d 181, 184–85 (D.C.Cir.1981). If he or she applies within these time periods, the Board must review the application. Section 1552(b) also allows the Board to evaluate an untimely application if the interest of justice requires. Generally, administrative remedies must be ex-

2. The Honorable Russell G. Clark, Chief Judge, United States District Court for the Western District of Missouri.

3. Section 2401(a) provides:
(a) Except as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

hausted before a denial of corrective action can be reviewed in federal court. *Von Hoffburg v. Alexander,* 615 F.2d 633, 641 (5th Cir.1980); *Smith v. Secretary of Navy,* 506 F.2d 1250 (8th Cir.1974).[4]

In this case both Ballenger's applications for review were filed after the period in which Board review is required. However, in 1959 the Board considered Ballenger's arguments on their merits and denied relief. Ballenger never filed suit challenging this decision. Rather, in 1981 he filed another application to correct his records on slightly different grounds. Once again, the Board had no obligation to consider Ballenger's untimely application. *Cf. Baxter v. Claytor,* 652 at 184–85 (Board has power, but not duty, to review untimely application).

The Board's 1981 decision indicates that it was based on Ballenger's failure to demonstrate material prejudice or injustice; the merits of his sixth amendment claims were not considered. We do not consider this to be an appropriate decision for review by a federal court. It is well within the Board's discretion not to consider Ballenger's application at all; we do not believe that by once again reviewing Ballenger's case for material error, the Board denied Ballenger's claims on the merits. Rather, the Board refused to exercise its discretion to fully consider Ballenger's claims. That a cursory consideration of his records was required to make this decision does not make that decision reviewable. Moreover, we are not convinced that Ballenger's 1981 petition raised claims substantially different from his 1959 petition. *Cf. Bethke v. Stetson,* 521 F.Supp. at 490 (decision on application for reconsideration on same grounds not reviewable).

The Board acted well within its discretion in finding no material prejudice or injustice

to Ballenger. We therefore affirm the decision of the district court.

---

4. While we do not reach the statute of limitations question, we note that it has troubled other courts. The most lenient view is that § 2401(a) requires that a suit for review be filed within six years of the final decision by the military board of review. *Kaiser v. Secretary of the Navy,* 525 F.Supp. 1226, 1230 (D.Colo.1981); *Wood v. Secretary of Defense,* 496 F.Supp. 192, 198 (D.D.C.1980); *Bethke v. Stetson,* 521 F.Supp. 488, 490 (N.D.Ga.1979); *Mulvaney v. Stetson,* 470 F.Supp. 725, 729–30 (N.D.Ill.1979). *Cf. Mosley v. Secretary of the Navy,* 522 F.Supp. 1165, 1167 n. 5 (E.D.Pa. 1981) (the cause of action accrues on the date of discharge but is tolled during the time administrative remedies are being pursued).