Jon D. ALLEN, et al., Plaintiffs,

v.

Andrew H. CARD, Jr., Secretary of Transportation, Defendant.

Civ. A. No. 92–0398 (TAF).

United States District Court, District of Columbia.

July 28, 1992.

---

Eugene R. Fidell, Feldesman, Tucker, Leifer, Fidell & Ban, Washington, D.C., for plaintiffs.

John C. Martin, Asst. U.S. Atty., Washington, D.C., for defendant.

MEMORANDUM ORDER

FLANNERY, District Judge.

### Background

Plaintiff Allen is on active duty with the U.S. Coast Guard. He was passed over for promotion in 1989 and 1990. On October 26, 1990, Allen filed a complaint with the Coast Guard Board for the Correction of Military Records ("BCMR"). While an officer passed over for promotion twice is subject to discharge,[1] the Coast Guard has agreed to allow the plaintiff to continue active duty until June 30, 1993.

Plaintiff George Detweiler is also on active duty with the Coast Guard. He was passed over for promotion in 1990. He filed a complaint with the BCMR on February 19, 1991.

Before the BCMR, plaintiff Allen contested evaluations of his performance, Officer Efficiency Reports ("OER"), which he received in 1984 and 1985 and sought to have his passovers expunged. Allen claims that the OER's were factually inaccurate and were the result of prejudice. Allen asserts that the officers that rated him were not stationed at the same facility that he was and, therefore, had an insufficient basis on which to rate him. Allen submitted to the BCMR a statement by a superior officer of his who did not participate in preparing the OER's, but who Allen states was in a far better position to observe Allen's work. This officer, Burgess, gives Allen a better evaluation than that reflected in the OER's. Allen also claims that the OER's were inconsistent with the favorable comments he had received from other officers and his consistent record of achievement in the Coast Guard. The unfairly low OER's, Allen asserts, were simply the result of a personality conflict between him and his evaluating officer.

On November 22, 1991, the BCMR issued its decision denying Allen relief, holding that his request for relief was not filed in a timely manner, pursuant to 10 U.S.C. § 1552(b). Further, the BCMR ruled that the Soldiers' and Sailors' Civil Relief Act of 1940 ("SSCRA"), 50 U.S.C.App. § 525, did not toll the BCMR statutory filing time. Nor did the BCMR find that Allen had demonstrated sufficient reason for it to waive the applicable time period. Finally, the BCMR ruled that plaintiff Allen's claim was barred by the equitable doctrine of laches.

Before the BCMR, plaintiff Detweiler likewise challenged OER's that he had received between 1982 and 1985 and requested the BCMR to void his passover for promotion. Detweiler asserts that he had received consistent high ratings until a new commanding officer evaluated him via the OER's he now challenges. Detweiler claims that the new commanding officer disapproved of the previous commanding officer and inappropriately reflected this by criticizing Detweiler, who had worked under the old commanding officer. Detweiler's OER also makes reference to his personal appearance, a subject he deems an inappropriate basis on which to be evaluated. On February 14, 1992, the BCMR ruled against Detweiler for each of the same reasons that it rejected plaintiff Allen's claim, except that it did not rely on laches in Detweiler's case.

Each plaintiff had submitted evidence in support of his claim before the BCMR; the Coast Guard had argued against the claims on their merits, but, relying on the fact that the claims were not filed in a timely manner, had submitted no evidence to refute the plaintiffs' evidence on the merits. Because the BCMR rejected the claims as untimely, it never addressed the claims on their merits.

### STANDARD OF REVIEW

█ The decision of the BCMR should be affirmed unless found to be arbitrary and capricious, contrary to law, or not supported by substantial evidence. *Chappell v. Wallace*, 462 U.S. 296, 303, 103 S.Ct. 2362, 2367, 76 L.Ed.2d 586 (1983).

### ARGUMENTS

Title 10 U.S.C. § 1552(b) governs the time frame for filing with the BCMR:

---

**1.** Plaintiff Allen was subsequently passed over for promotion a third time, in 1991.

No correction may be made ... unless the claimant ... files a request therefore ... within three years after he discovers the error or injustice.... However, [the] board ... may excuse a failure to file within three years after discovery if it finds it to be in the interest of justice.

Thus, the statute sets forth a three-year statute of limitations, which can be waived by the BCMR when it is in the interest of justice to do so.

*Tolling of Three-Year Period:*

■ The plaintiffs argue that the three-year time period is tolled by the SSCRA, which states that periods of active military service:

shall not be included in computing any period now or hereafter to be limited by any law, regulation, or order for the bringing of any action or proceeding in any court, board, ... or other agency of government by or against any person in military service....

50 U.S.C.App. § 525. Despite the fact that the SSCRA has been the law for the entire 40 year-period since the passage of § 1552(b) of the BCMR statute, the Court is not aware of a single case in which a court has held that the SSCRA tolls the time limitation in § 1552(b).

The plaintiffs argue, however, that the SSCRA is unambiguous. It is sweeping legislation tolling all statutory time limits for active duty military members. There is a specific exception for Internal Revenue Code provisions. This exception demonstrates that where Congress intended an exception, it explicitly stated so. The plaintiffs thus read the general tolling language of the SSCRA to toll the BCMR statute of limitations for those on active-duty.

■ The government concedes that a literal reading of SSCRA would appear to encompass the time period for filing with the BCMR. However, reading the plain meaning of the SSCRA would vitiate the time frame set forth in the BCMR statute by making it inapplicable to service members on active duty. The plain meaning of a statute can not be relied upon when it would yield a clearly unintended result and there is clear evidence that this is not what Congress intended. *Watt v. Alaska*, 451 U.S. 259, 265–66, 101 S.Ct. 1673, 1677–78, 68 L.Ed.2d 80 (1981). "The intention of the drafters, rather than the strict language, controls." *United States v. Ron Air Enterprises*, 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). Under the literal reading urged by the plaintiff, a career officer could for three years following his retirement after twenty years in the service, challenge his first performance evaluation, which was made over two decades earlier. The government argues that clearly this is not the result intended by Congress.

■ There are two canons of statutory construction that support the government's reading of the statutes. First, when two statutes appear to conflict, the more specific statute is deemed to control the more general one. Secondly, the more recent statute is deemed to control the older statute. The BCMR statute is both more recent and more specific than the SSCRA. Thus, the Court infers that when Congress passed the time frame in the BCMR statute, it intended that time frame to apply to all claims brought before the BCMR. It did not intend for the BCMR statute to be tolled by the previous, more general SSCRA.

The purpose of the SSCRA is to ensure that soldiers' rights are not prejudiced as a result of their serving on active duty. It likewise protects the rights of those who have claims against soldiers on active duty. In other words, the focus of the statute is on rights devolving from civilian laws.[2] The SSCRA has never been held to affect the internal administration of the military. Congress, as well as the judiciary, have historically deferred to the military in its internal administration.

---

**2.** There is no legislative history suggesting that the use of the word "boards" in the SSCRA, a word that was added in 1942, was an attempt to bring military boards within the scope of the statute; rather, it is at least as likely that use of this term was merely a recognition that bodies other than courts affect rights arising from civilian law.

The BCMR is composed of civilian members. Thus, the plaintiff argues that the defendant's arguments that the SSCRA does not apply to purely military proceedings are inapposite. The whole purpose of the BCMR is to provide an avenue of relief independent of the military. Applying the SSCRA to the functioning of the BCMR, the plaintiff argues, is not an interference in internal military decision-making.

This argument cuts both ways, however. Congress established the BCMR to resolve military disputes and included a statute of limitations so that the disputes would be resolved expeditiously. The apparent compromise of establishing a civilian board was an effort to meet the competing concerns of the need for an independent hearing and the need to allow the military to function with a minimum of interference. The Court finds it highly unlikely that Congress would establish a board to resolve disputes with a minimum of disruption to the military and simultaneously apply a provision to that board that would toll the board's statute of limitations for all active-duty officers. The plaintiffs have offered no legislative history that would support its argument that this was Congress' intent.

Another canon of statutory construction holds that when there are two statutes related to the same subject, it is the duty of the courts to interpret them in a manner that gives effect to both statutes, rather than a manner which would render one of the statutes a nullity. *Morton v. Mancari,* 417 U.S. 535, 550–51, 94 S.Ct. 2474, 2482–83, 41 L.Ed.2d 290 (1974). The BCMR statute is not given effect if it is read not to apply to active military personnel, the prime target of the statute.

The plaintiffs cite *Bickford v. United States,* 656 F.2d 636, 228 Ct.Cl. 321 (1981) (*en banc*) to support the application of the SSCRA in a claim by a member of the military challenging a military decision similar to the dispute here. In that case, the Court of Claims heard a challenge from a military officer who claimed entitlement for back pay under a program that granted leave to officers to attend law school. The claim was heard even though it was brought after the expiration of the Court of Claims' statute of limitations. The court ruled that the SSCRA tolled the statute of limitations for all active-duty military officers.

The defendant distinguishes this case by arguing that this is a fact-specific challenge to a discretionary promotion decision. *Bickford,* on the other hand, was a challenge to the basic legality of a certain military program. Furthermore, the statute of limitations at issue there was that of the court, not that of a BCMR. The statute of limitations for the Court of Claims applies to all of its cases; thus tolling that statute for active-duty military personnel does not eviscerate that statute. The *Bickford* court was reconciling two broad statutes in a manner that gave each of them effect.

The BCMR statute is not nearly as broad at the Court of Claims statute of limitations. The former applies only to military appeals; the latter applies to any claim brought against the government, military or civilian. It is logical to assume that Congress intended the SSCRA to apply to matters heard by a purely civilian court. The purpose of the SSCRA is to protect military personnel who have civilian claims. Applying the SSCRA to the Court of Claims statute of limitations merely carves out an exception to the latter statute for claims brought by active-duty military personnel. Carving out an exception to the BCMR statute for active-duty military personnel would eviscerate that statute. While Congress might pass a statute of limitations for the Court of Claims without specifically noting that there is an exception for active-duty military personnel, it is difficult to believe that it would pass a statute of limitations for the BCMR, which only applies to claims brought by members of the military, without specifically mentioning that the statute of limitations does not apply to active duty military personnel.

In *Mai v. United States,* 22 Cl.Ct. 664 (1991), the plaintiff, an Air Force officer, brought a claim before the Air Force BCMR claiming that his promotion selection board was improperly constituted.

The plaintiff brought his claim before the board more than nine years after his discharge based on successive passovers. The Claims Court found that it could review the board's action because the SSCRA tolled its statute of limitations. *Id.* at 669. However, the court noted that the board had found the claim to be untimely under § 1552(b) and that the board had specifically concluded that SSCRA did not apply to the board's statute of limitations. The Claims Court did not disturb this ruling. *Id.* at 669–70, n. 4. Thus, the *Mai* court implicitly recognized that the fact that the SSCRA tolls the Claims Court's statute of limitations does not mean that it tolls the military correction board's statute of limitations.

Any uncertainty in reading the statutes should be resolved in the plaintiffs' favor. As the Supreme Court has recently noted: "provisions for benefits to members of the Armed Services are to be construed in the beneficiaries' favor." *King v. St. Vincent's Hosp.*, —— U.S. ——, —— n. 9, 112 S.Ct. 570, 574 n. 9, 116 L.Ed.2d 578 (1991). The Court finds, however, that the plaintiff has not established the level of uncertainty as to the congressional meaning of the statute that would allow this canon to come into play. The Court's deference to veteran's benefits provided for by statute does not allow a court to rewrite statutes. The Court concludes that the BCMR statute, with its explicit statute of limitations provision, did not adopt the general tolling provision of the SSCRA.

*Refusal to Waive Three–Year Period:*

■ Even though the three-year statute of limitations provision is not tolled, the BCMR statute provides that the BCMR should waive the statute of limitations when it is in the interest of justice to do so. The government argues that the BCMR was acting within its discretion in deciding that there were no special circumstances warranting a waiver of the time period. The applications to the BCMR were filed over five years after the issuance of the OER's being challenged. The BCMR found that despite the fact the plaintiffs were aware of the OER's at the time, they did not challenge them until years later, after being passed over for promotion. The BCMR held that this delay was unreasonable and that it was not in the interest of justice to excuse this delay; the plaintiffs' ignorance of the statutory three-year period is not sufficient reason to waive it.

The plaintiffs argue that they are entitled to relief because the BCMR refused to assess the merits of the plaintiffs' applications in making the determination that the interest of justice would not be served by waiving the three-year period. The regulatory standard for waiving the three-year period is as follows: "An untimely application should be denied unless the Board finds that sufficient evidence has been presented to warrant a finding that it would be in the interest of justice to excuse the failure to file timely." 33 C.F.R. § 52.-22.

■ The defendant cites *Ballenger v. Marsh*, 708 F.2d 349 (8th Cir.1983) for the proposition that a BCMR decision not to review an untimely claim is unreviewable. This aspect of *Ballenger* has not been adopted by the D.C.Circuit. *See Baxter v. Claytor*, 652 F.2d 181 (D.C.Cir.1981) (implying that decision by Board not to waive statute of limitations is reviewable by stating that this decision is the Board's to make "in the first instance"). In *Mullen v. United States*, 17 Cl.Ct. 578 (1989), the claims Court rejected *Ballenger*'s conclusion and held that the BCMR's decision whether or not to waive the BCMR statute of limitations is reviewable under an abuse of discretion standard. The Court agrees that this is the appropriate standard of review.

It is ambiguous whether the "sufficient evidence" the BCMR is to examine is solely evidence relating to the reasons for the delay or if it includes an examination of the merits of the claim. The plaintiffs argue that it cannot be determined whether it would serve the interest of justice to waive the statute of limitations without at least a cursory review of the merits of the case. Even if the merits were not reviewed, plaintiff Detweiler argues that the BCMR was using too high of a standard in his

case by not just assessing whether it was in the interest of justice, but by stating it would only waive the statute of limitations if "extraordinary circumstances or unusual events made it impossible" for him to file within the three-year period. Detweiler Record ("DR") at 14.

The plaintiffs note that in the *Mai* case, the Air Force BCMR addressed the merits of a claim that was filed more than three years after the fact. *See Mai*, 22 Cl.Ct. at 669. Thus, the plaintiffs cite *Mai* as support for the argument that the merits should be addressed in an untimely claim in determining whether in is in the interest of justice to waive the statute of limitations. The plaintiffs also cite *Ballenger* for the proposition that the Board should perform a cursory review of the merits in determining whether it is in the interest of justice to waive the statute of limitations. *Ballenger*, 708 F.2d at 351 (Board undertook cursory consideration of records, but refused to exercise discretion to consider untimely claim fully). Likewise, in *Mullen*, the Claims Court stated that "the Board, consistent with [the BCMR statute,] 10 U.S.C. § 1552(b)(1982), examined the underlying merits of the application to determine whether it was in the interest of justice to waive the time limitation." Lastly, the plaintiffs cite *Guerrero v. Marsh*, 819 F.2d 238, 241 (9th Cir.1987), which states:

> According to a letter submitted to Congress by the Secretary of the Army, the Board's practice has been to undertake a review of each case on the merits as a prerequisite to determining whether it would be "in the interest of justice" to waive the statute of limitations. The Secretary of the Army to Chairman of the House Committee on Armed Services, December 22, 1965, *H.R.Rep. No. 1825*, 89th Cong., 2nd Sess. 3–4 (1966). We assume that the Board would apply the same policy here unless, for reasons

unknown to us, the Board has had occasion to abandon this apparently sensible approach.

The government argues that the interest of justice analysis should focus only on the reasons for the delay, irrespective of the potential merits of the claim. The government notes that statutes of limitations typically operate independently of the merits of a claim. If in every case the BCMR were forced to look at the merits of the underlying claim, the statute of limitations would become a nullity.

The Court agrees that this would be the result if the BCMR were required to perform a complete review of the merits prior to determining whether to waive the statute of limitations. The case law indicates that the longstanding practice of the BCMR is to make a *cursory* review of the potential merits as one factor in the interest of justice analysis. This falls far short of performing a full-blown analysis of the merits.

Under the defendant's view, as long as the BCMR is satisfied that the claim could have been brought earlier, the BCMR need not even read the complaint if it was not made within three years. The Court does not agree that the merits are irrelevant to the interest of justice analysis.[3] Rather, the Court finds that the "apparently sensible approach" outlined in the case law is the appropriate one: the BCMR in assessing whether the interest of justice supports a waiver of the statute of limitations should analyze both the reasons for the delay and the potential merits of the claim based on a cursory review. If a claim appears particularly meritorious, it may be in the interest of justice to provide a complete review of the merits, even if there has been a delay in bringing the claim. The longer the delay has been and the weaker the reasons for the delay are, the more

---

**3.** An analysis based purely on the length of the delay, the reasons for it, and the prejudice that the delay would cause the government is performed when the government asserts the affirmative defense of laches. The doctrine of laches does not require a review of the merits of the claim. Thus, the analysis that the government argues is required by the interest of justice provision of § 1552(b) is already required under the equitable doctrine of laches. The SSCRA does not suspend the time to be considered as delay in the laches calculation and laches is available to the government as a defense independent from the § 1552(b) statute of limitations. *Mai*, 22 Cl.Ct. at 669.

compelling the merits would need to be to justify a full review.

The plaintiffs in this case offer their lack of knowledge concerning the statute of limitations as the reason for the delay. Indeed, eight different senior officers advised plaintiff Allen not to seek review of his disputed OER's. Allen Record ("AR") at 19. The Court finds that the BCMR should not have refused to perform any review of the merits based solely on what the BCMR perceived to be the inadequacy of these reasons. Rather, these are factors that should have been analyzed along with the potential for success on the merits in determining whether the interest of justice would be served by waiving the statute of limitations.

*Laches:*

 Plaintiff Allen argues that the doctrine of laches was not an appropriate basis to bar his claim. Allen first argues that laches does not apply in the non-adversarial setting of the BCMR. He concedes, however, that *Baxter* strongly suggests otherwise. *Baxter,* 652 F.2d at 186, n. 4. Further, *Mai* explicitly holds that laches can be raised in an action challenging a BCMR decision. If laches can be raised in the court reviewing a decision of the BCMR, it follows that laches can be asserted before the BCMR.

 In order for the defendant to prevail on the issue of laches, there must be evidence that the defendant has been prejudiced by the plaintiffs' delay. *Mai,* 22 Cl.Ct. at 670 ("the court must also consider, as part of the laches determination, whether the government has been prejudiced by the plaintiff's delay.") The government bears the burden of proving its affirmative defense of laches; therefore, it must prove not only delay, but also prejudice to the government. *Cornetta v. United States,* 851 F.2d 1372, 1378 (Fed.Cir.1988) ("[D]elay alone does not constitute laches.... [W]e reject the notion that the government can rely on a presumption of prejudice, or shift the burden to the plaintiff to show lack of prejudice if the delay is long, to support the affirmative defense of laches."); *accord Mai,* 22 Cl.Ct. at 670.

The BCMR appears simply to have presumed that there was prejudice to the government: "The Coast Guard was prejudiced by the delay because the long time interval made it very difficult for it to determine the veracity of the statements of the rating chain more than five years ago." AR at 8. The government has failed to cite any concrete assertion by the Coast Guard in the record as to how it suffered any specific prejudice from the delay. Thus, there is no substantial evidence in the record to support the BCMR's conclusion regarding prejudice.

*Relief:*

 The plaintiffs seek a remand to the BCMR only as alternative relief. Their primary request is for the Court to grant substantive relief. They argue that they have offered substantial evidence of the errors in the OER's and that despite the opportunity afforded to the Coast Guard to rebut this evidence before the BCMR, the Coast Guard has failed to offer any evidence to contradict the plaintiffs' evidence. The plaintiffs assert that but for the erroneous OER's, they would not have been passed over for promotion.

Relief in this Court is more appropriate than a remand, the plaintiffs argue, since the plaintiffs have already exhausted their administrative remedies. In each of their cases, the BCMR exceeded the regulatory ten-month period in which the Board is supposed to render a decision. 33 C.F.R. § 52.68 (promulgated pursuant to Section 212 of the Coast Guard Authorization Act of 1989, Pub.L. 101–225, 103 Stat.1914). Further delay would be caused by requiring the plaintiffs to go back to the BCMR.

The next promotion board convenes in August, 1992. The plaintiffs assert that the challenged OER's and passovers should be expunged before that board convenes. Another promotion board will not convene for another year, by which time plaintiff Allen, and possibly plaintiff Detweiler, would be discharged if relief has not yet been granted. Thus, the plaintiffs argue that they will suffer prejudice if they can-

not obtain relief in time for the August, 1992 promotion board.

The Court cannot agree that the plaintiffs have demonstrated that they would be prejudiced by a remand to the BCMR. While it may be true that the plaintiffs might miss the opportunity to be promoted by the August, 1992 board because they are waiting for a final resolution of this matter from the BCMR, there is no evidence that the harm that this would cause them is irreparable. The BCMR has the authority to order retroactive promotion, back-pay, and back-seniority, as well as to expunge erroneous passovers. *See Chappell v. Wallace*, 462 U.S. at 303, 103 S.Ct. at 2367. Thus, if the BCMR were ultimately to determine that complete review on the merits is appropriate and were the plaintiffs to prevail on the merits, the BCMR could provide relief that would make the plaintiffs whole.

The Court does agree with the plaintiffs, however, that the BCMR has failed to process their claims within the regulatory time-frame and that the BCMR's failure to analyze the issues in a more complete fashion has necessitated this action before the Court and caused further delay. Thus, while the Court will remand this matter to the BCMR, the Court requests the BCMR to give the matter expedited consideration.

## CONCLUSION

On remand, the BCMR is to determine whether it is in the interest of justice in this case to waive the statute of limitations pursuant to § 1552(b). The BCMR should consider the reasons for the delay *and* the plaintiffs' potential for success on the merits, based on a cursory review, as factors in the interest of justice analysis.

In addition, in plaintiff Allen's case, in assessing whether the doctrine of laches precludes granting relief, the BCMR should address the prejudice to the government caused by the delay in bringing Allen's claim. The BCMR cannot presume such prejudice; rather, the burden of proof is on the government to demonstrate that it has suffered undue prejudice as a result of the delay.

For the reasons set forth above and upon careful consideration of the entire record herein, it is by the Court this 28th day of July 1992

ORDERED that this matter be, and hereby is, remanded to the BCMR for further proceedings consistent with this Order.