34 F.3d 1068
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Hollis JACOWAY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5119.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This is an appeal from an order dismissing a motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1992, Hollis Jacoway pleaded guilty pursuant to a plea agreement to one count of conspiring to conduct an illegal gambling business, in violation of 18 U.S.C. Sec. 371. The district court subsequently accepted her plea and sentenced her to a sixty month term of imprisonment. Jacoway did not take a direct appeal from this conviction.
 
 
 3
 In 1993, Jacoway filed a motion to vacate sentence in which she challenged her sentence on substantive and procedural grounds. The district court ordered the motion dismissed sua sponte pursuant to Rule 4, Rules Governing Section 2255 Proceedings, as being plainly without merit. This appeal followed. The parties have briefed the issues; Jacoway is proceeding without benefit of counsel.
 
 
 4
 Jacoway raised four claims in her motion to vacate and has attempted to add an additional claim on appeal. The record and law show that one of Jacoway's claims has been waived, one may not be raised in this appeal and the remainder do not reflect a fundamental defect in the underlying proceedings that inherently resulted in a complete miscarriage of justice or a violation of due process. United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 5
 Jacoway was indicted in 1992 along with four other individuals for various acts of narcotics dealing, money laundering and illegal gambling. She agreed to plead guilty to one count of conspiring to conduct an illegal gambling business in exchange for the government's promise to drop the remaining counts against her. Jacoway also agreed not to appeal the guideline sentence as long as it was within the applicable range and not greater than that specified in the agreement. The lone count to which Jacoway pleaded, 18 U.S.C. Sec. 371, carried a maximum exposure of sixty months. The court fashioned Jacoway's base offense level, in part, on a finding that she committed the offense while on probation from an earlier offense, that she was in a leadership role, and that she was entitled to a two point reduction for acceptance of responsibility. The court did, in fact, sentence Jacoway to a sixty month term of imprisonment after a determination that the applicable guideline range was seventy-eight to ninety-seven months.
 
 
 6
 Jacoway raised four claims in her motion to vacate sentence. All four claims address aspects of her sentence; she did not contest the validity of her conviction. Jacoway contended:
 
 
 7
 1) The pre-sentence report was inaccurate in that the district court did not respond to objections as mandated by Fed.R.Crim.P. 32;
 
 
 8
 2) The pre-sentence report was inaccurate in that Jacoway was not on probation from a previous offense when she committed the present offense;
 
 
 9
 3) The mathematical computation is incorrect as a result of the aforementioned erroneous finding that she was on probation at the time of the offense; and,
 
 
 10
 4) The designation of her as a leader of the conspiracy is inaccurate.
 
 
 11
 Jacoway additionally argues in her appellate brief that she was entitled to another one point reduction in her base offense level for acceptance of responsibility. This assertion was not before the district court.
 
 
 12
 Jacoway has not raised her first issue, that the district court committed a Criminal Rule 32 violation, in her appellate brief. Thus, this issue is considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 13
 Jacoway's second, third and fourth contentions were never the subject of a contemporaneous objection or a direct appeal. As a result of Jacoway's failure to register a contemporaneous objection to the district court's calculation of her base offense level, she waived her right to contest this determination on direct appeal even had she attempted to do so. United States. v. Nagi, 947 F.2d 211, 213-14 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). Moreover, claims that could have been raised on direct appeal but were not may not be raised in a Section 2255 proceeding unless the petitioner demonstrates cause to excuse the failure and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Jacoway has not shown any cause or prejudice in this context. Indeed, the record indicates that Jacoway bargained for a maximum sentence of sixty months in partial exchange for a promise not to contest the validity of her sentence.
 
 
 14
 Finally, Jacoway attempts to raise a claim of entitlement to an additional acceptance of responsibility reduction for the first time on appeal. This court will not consider issues raised for the first time on appeal absent exceptional circumstances. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). There are no exceptional circumstances present in this appeal to warrant consideration of this issue. The appeal lacks merit.
 
 
 15
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.