34 F.3d 1068
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Hubert Hayes McDONALD, Plaintiff-Appellant,
v.
Stanley RESOR, Secretary of the Army; Walter Vance,
Secretary of the Army; Dick Cheney, Secretary of Defense;
David Kinneer, Executive Secretary, Army Board for
Correction of Military Records, Defendants-Appellees.
 No. 94-5039.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 1
 Before: GUY and BOGGS, Circuit Judges, and CLELAND, District Judge.*
 
 ORDER
 
 2
 Hubert Hayes McDonald, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On November 27, 1969, military authorities charged McDonald with various crimes, including communicating a threat to an officer, carrying a concealed weapon (fragmentation grenade), and possession of a habit-forming drug. With the advice of counsel, McDonald voluntarily requested a discharge under the provisions of Chapter 10, Army Regulation 635-200 (discharge for the good of the service in lieu of court-martial). The request was approved, and McDonald was discharged on January 10, 1970, with an Undesirable Discharge.
 
 
 4
 Thereafter, McDonald sought relief from the Army Discharge Review Board, but his relief was denied on March 25, 1974. On June 18, 1989, McDonald applied to the Army Board for Correction of Military Records (ABCMR) to have his discharge upgraded to honorable or changed to a medical discharge. The ABCMR denied the request as untimely on September 26, 1990, and reconsideration was denied on December 4, 1991.
 
 
 5
 On March 16, 1993, McDonald filed his civil rights complaint against several military officials complaining of a conspiracy to violate his civil rights, race discrimination, coercion, ineffectiveness or misconduct of counsel, and various acts of official wrongdoing, all with respect to his 1970 discharge. He sought various orders directing upgrade of his discharge, removal of derogatory information from his records, invalidation of unspecified army regulations, promotion, backpay, and $55,000,000 in damages. On February 28, 1994, the district court entered a memorandum and order dismissing the complaint for want of subject matter jurisdiction, as time-barred, and because the doctrine of laches applied against McDonald.
 
 
 6
 Upon review, we find no error. The standard of review on the issue of subject matter jurisdiction is de novo. Greater Detroit Resource Recovery Auth. v. EPA, 916 F.2d 317, 319 (6th Cir.1990). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review'." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (quoting Mitchell v. Maurer, 293 U.S. 237, 244 (1934)). McDonald failed to plead and prove that the defendants (past and present employees of the United States Department of Defense and Department of the Army) acted under color of state law. See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); United of Omaha Life Ins. Co. v. Solomon, 960 F.2d 31, 33 (6th Cir.1992) (per curiam).
 
 
 7
 Additionally, the complaint was time-barred. Title 28 U.S.C. Sec. 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. Sec. 2401(a). This bar applies to all civil actions whether legal, equitable, or mixed. Spannaus v. United States Dep't of Justice, 824 F.2d 52, 55 (D.C.Cir.1987). The limitation codified in Sec. 2401(a) also applies to claims seeking to correct or upgrade the discharge of former service members. Walters v. Secretary of Defense, 725 F.2d 107, 113 (D.C.Cir.1983), reh'g denied, 737 F.2d 1038 (D.C.Cir.1984) (en banc) (per curiam). The accrual date is the date of discharge. See Hurick v. Lehman, 782 F.2d 984, 986 (Fed.Cir.1986); Walters, 725 F.2d at 114.
 
 
 8
 McDonald's discharge became final on January 10, 1970. It was on that date that the statute of limitations began to run on any action that he might have arising directly from the discharge. His complaint was time barred six years later, on January 9, 1976, though he did not file his complaint until 1993. Compliance with the limitations period is a condition of federal court jurisdiction. See Soriano v. United States, 352 U.S. 270, 273-75 (1957). Because McDonald failed to demonstrate such compliance, the district court properly dismissed this action.
 
 
 9
 McDonald's application for an upgrade of his discharge before the ABCMR was filed after the period in which Board review is required, i.e., after the three year limitations period. See 10 U.S.C. Sec. 1552(a). The ABCMR denied the application as untimely. A correction board's denial of an application based on the three year statute of limitations is not reviewable and does not revive an otherwise time-barred claim. See Ballenger v. Marsh, 708 F.2d 349, 350-51 (8th Cir.1983). Consequently, McDonald's application is not reviewable.
 
 
 10
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, U.S. District Judge for the Eastern District of Michigan, sitting by designation